**UNITED STATES ex rel. FEHSENFELD et al. v. GILL et al.**

(Circuit Court of Appeals, Fourth Circuit. July 3, 1923.)

No. 2107.

Judges ⊙₅₋₅16(1)—Circuit judge may be designated to hear case when district judge is disqualified.

    The authority to designate another district judge to hear a case where the judge of the district is disqualified, given by Judicial Code, § 20 (Comp. St. § 987), is not exclusive, and a circuit judge may be designated under section 18, authorizing such designation to hold a district court whenever the public interests shall require.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Action at law by the United States, on the relation of Lewis H. Fehsenfeld and another, against John T. Gill and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

⊙₅₋₅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Theodore B. Benson, of Washington, D. C., and G. W. S. Musgrave, of Baltimore, Md., for plaintiffs in error.

Tazewell Taylor, of Norfolk, Va., for defendants in error.

Before WOODS and ROSE, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. Hon. D. Lawrence Groner, District Judge of the Eastern District of Virginia, was disqualified from hearing this case for the reason that he had been of counsel. That fact having been properly presented, Hon. Martin A. Knapp, Senior Circuit Judge, by order designated Hon. Edmund Waddill, Jr., Circuit Judge, to try the case. The judgment went against the plaintiffs, and they are here denying the validity of the designation of a circuit judge and the jurisdiction of the court.

The Judicial Code at the time of the trial of this cause provided for the appointment of a district judge to hold the court in another district in case of the disability of the district judge (section 13; Comp. St. § 980); or in case of such accumulation or urgency of business that the public interest requires such appointment (section 14; Comp. St. § 981); or in case the district judge is concerned in interest in any suit pending therein, or has been of counsel or is a material witness for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial (section 20; Comp. St. § 987).

The authority for the appointment of a circuit judge to hold a district court is provided by section 18 (Comp. St. § 985):

"Whenever, in the judgment of the senior circuit judge of the circuit in which the district lies, or of the circuit justice assigned to such circuit, or of the Chief Justice, the public interest shall require, the said judge, or associate justice, or Chief Justice, shall designate and appoint any circuit judge of the circuit to hold said district court."

The argument of the plaintiff in error is that the disqualification of Judge Groner as counsel in the cause fell exclusively under section 20, providing for the designation of a district judge, and therefore the designation of a circuit judge was without authority of law.

The "public interest" is involved in the dispatch of all the business of the courts. These sections of the statute were intended to have a liberal and elastic rather than a strict and rigid construction, to facilitate the business of the courts. The public interest is involved in all the conditions mentioned in sections 13, 14, and 20. Therefore we construe section 18 of the Judicial Code to authorize the Chief Justice, or circuit justice, or the senior circuit judge, to designate a circuit judge to hold the district court when any of the conditions mentioned in sections 13, 14, and 20 or any other conditions, arise which in his judgment so involve the public interest as to require the designation of another judge to hold any District Court.

We do not think it necessary to pass on the other grounds which defendants in error set up against plaintiff's plea to the jurisdiction.

Affirmed.